IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

|  |  |  |
|---|---|---|
|  | Plaintiff, | OPINION AND ORDER |
| v. |  |  |
|  |  | 25-cv-1059-wmc |

KEVIN PITZEN, ROBERT RYMARKIEWICZ,
KEVIN GARCEAU, DORY HYLER, DR. MOODY,
TAMARA WILKERSON, CHASITY DRAKE,
JENNIFER LOHMAN-PETERSON, SGT. LEPKIE,
ANTHONY JOHNSON, LT. MICHEAL PRICE,
CO LANDEN PETTS, CAPT. ANTHONY BONFIGLIO,
PSU SUPERVISOR KYLA HOLLY, JOHN/JANE DOE
COS NO. 1-7, MICHEAL BECKWITH, NATASHA RADTKE,
LINDSEY WALKER, ASHLEY FRIETAG, RYAN BLOUNT,
COLUMBIA COUNTY DISTRICT ATTORNEY, COLUMBIA
COUNTY DETECTIVE, COLUMBIA CORRECTIONAL
INSTITUTION INMATE COMPLAINT EXAMINER,

Defendants.

---

Plaintiff Fred Lee Davenport, a state prisoner representing himself, alleges that the warden and 26 employees at the Columbia Correctional Institution ("CCI"), as well as two Columbia County officials, violated his rights under the Prison Rape Elimination Act ("PREA"). Because plaintiff is incarcerated, this court must screen his complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. When screening a complaint drafted by a non-lawyer, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In addition to money damages,

plaintiff sought a preliminary injunction ordering his transfer to the Wisconsin Resource Center because his mental health continues to deteriorate; however, the court already considered and denied this relief.  (Dkt #8.)

For the reasons below, the court will dismiss plaintiff's complaint because as currently pled it violates Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a federal claim upon which relief may be granted.  However, the court will give plaintiff an opportunity to file an amended complaint that fixes the problems identified in this order.

OPINION

Although the complaint is not entirely clear and lacks key details, the court understands plaintiff to be claiming that some or all of the defendants violated PREA by: (1) failing to properly investigate his complaints of sexual assault, which began as early as October 31, 2022; and (2) retaliated against him for filing PREA complaints by not taking his complaints seriously; placing him in administrative confinement with several restrictions; and not providing him with the psychological care he needed after he was assaulted.  Plaintiff also alleges that defendant Tamara Wilkerson, a psychologist, was deliberately indifferent to his serious medical needs by not providing him with the mental health care ordered by Psychological Services Unit ("PSU") Supervisor Harris, a non-defendant.  Finally, plaintiff generally alleges that he has faced "so many deliberate indifference situations" between December 1, 2023, and November 21, 2025, including being strapped down naked for hours and other undescribed sexual acts.  However, there are multiple reasons that plaintiff cannot proceed on these theories as pled.

First, PREA facilitates the reporting and processing of claims related to sexual abuse while incarcerated, but it does not create a private cause of action, meaning that plaintiff does not have an enforceable right associated with PREA. *See e.g., Sims v. Doe*, 2018 WL 4027632 (S.D. Ind. Aug. 22, 2018); *Bentley v. Baenen*, 2018 WL 1108701 (E.D. Wis. Feb. 27, 2018) ("The PREA does not create a private cause of action in federal court."); *Poslof v. Martel*, 2018 WL 3019916, n.5 (S.D. Cal. June 18, 2018) (The PREA "authorizes the reporting of incidents or rape and sexual abuse in prison, but it does not give rise to a private cause of action by a prisoner."). Nonetheless, with sufficient allegations, plaintiff may be able to state a First Amendment retaliation claim, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (First Amendment protects prisoners from materially adverse treatment if they engage in constitutionally protected speech, which includes the filing of grievances), or an Eighth Amendment deliberate indifference or medical care claim pursuant to 42 U.S.C. § 1983, *see Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (state actors violate Eighth Amendment by subjecting prisoner to a substantial risk of serious harm); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs).

Second, while plaintiff's filing of a PREA complaint may be an activity protected by the First Amendment, inmates do not have a right to have their grievances investigated at all, much less have the right to dictate how that investigation should be conducted. *Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at *9 (S.D. Ill. July 1, 2009) ("[A]n allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional claim."); *see also Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (grievance procedures are not mandated by First Amendment and "mishandling of

3

[them] by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *Smith v. Leiser*, No. 25-cv-764-wmc, 2026 WL 1006270, at *2 (W.D. Wis. Apr. 14, 2026) (citing same). Therefore, defendants' alleged failure to properly investigate plaintiff's PREA complaints does not amount to First Amendment retaliation or any other type of constitutional claim. *Smith*, 2026 WL 1006270, at *2 (citing *Smith v. Butler*, No. 17-cv-189, 2017 WL 1318270, at *7 (S.D. Ill. Apr. 10, 2017). Similarly, violations of state laws or prison rules and regulations do not give rise to a constitutional claim under 42 U.S.C. § 1983. *See e.g. Scott v. Edinburgh*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state or, in this case, departmental regulations and police practices.").

Third, while plaintiff names nearly 30 defendants in the caption of his complaint, he fails in most instances to identify what each defendant did or did not do to violate his rights and when it happened. To proceed with any constitutional claim, plaintiff must identify the specific wrongs he experienced, who participated in it, and when it happened. Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation marks omitted) (plaintiff must "state a claim to relief that is plausible on its face" by providing "sufficient detail to present a story that holds together."); *Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521-22 (7th Cir. 2014) (same); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (plaintiff must give defendant fair notice of what the claim is and the grounds upon which it rests). In addition, to the extent that plaintiff faults any defendant for denying his complaints or grievances or

4

otherwise failing to ensure subordinates or other officials took adequate actions, there is no supervisory liability under § 1983, so these assertions fail as presented. *See e.g., Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (there is no supervisory liability under § 1983, and defendants may only be held responsible for their personal acts or decisions); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (merely dismissing inmate's grievance or appeal regarding a completed act of misconduct "does not cause or contribute to the violation" of the inmate's rights).

Fourth and finally, while plaintiff may believe the broad range of acts spanning three years that he refers to in his complaint are all related, his allegations appear to involve different people from both CCI and the county, who allegedly committed separate wrongs against plaintiff at different points in time. Under Rule 20 of the Federal Rules of Civil Procedure, joining multiple defendants into one case is appropriate only if the claims against the defendants arise from the same core events. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 18, a plaintiff may assert "as many claims as he has against an opposing party." However, a plaintiff may not join two cases involving unrelated claims asserted against different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. at 607.

In sum, while plaintiff's complaint must be dismissed because he has not included sufficient allegations to state any *constitutional* claim, improperly joins unrelated claims against numerous defendants in one lawsuit, and has named defendants without alleging what, when, or how they personally violated his rights, he will be given one, final opportunity to amend his

5

complaint to correct these deficiencies. *See Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing pro se plaintiff's case without allowing leave to amend complaint). Accordingly, plaintiff may have a one-month window of time to submit a proposed amended complaint that corrects the deficiencies related to his proposed claims, as described above, and set forth a cognizable federal claim that can be adjudicated by this court.

Plaintiff should draft any amended complaint as if he was telling a story to someone who knows nothing about the events at hand, focusing on: providing a *brief* timeline of the material events related to the incident forming the basis of his claim; identifying the specific defendants who are being sued; and describing the specific, personal actions by each defendant that plaintiff believes constitute a violation of his rights. Most importantly, plaintiff will need to identify only *one* lawsuit on which to proceed under this case number and refrain from including in his amended complaint all of the wrongs he allegedly has experienced over the past several years. If he wishes to pursue additional unrelated claims, he will need to file them as separate cases.

Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so with thirty (30) days will result in dismissal of his claims with prejudice.

ORDER

IT IS ORDERED that plaintiff Fred Davenport's complaint is DISMISSED without prejudice for failure to state a federal claim and satisfy the requirements of Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff has until **September 14, 2026**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended

complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 12th day of August, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge